■ NORTH SHORE UNIVERSITY HOSPITAL et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the respondent State Human Rights Appeal Board, dated November 24, 1980, which affirmed an order of the respondent State Division of Human Rights, dated July 27, 1980, which found that the petitioners had discriminated against complainant Essie Morris, by failing to accommodate her observance of the Sabbath and by terminating her employment in violation of subdivision 10 of section 296 of the Executive Law. Order confirmed and petition dismissed, without costs or disbursements. The finding of the State Division of Human Rights, that petitioners placed the burden upon the complainant, Essie Morris, a Seventh Day Adventist, to find other workers who were willing to "swap" assignments with her in order to permit her to observe her Sabbath, was supported by substantial evidence appearing on the record considered as a whole *(300 Gramatan Ave. Assoc. v*

*State Div. of Human Rights,* 45 NY2d 176). As noted by Mr. Justice Simons in his dissenting opinion in *State Div. of Human Rights v Genesee Hosp.* (68 AD2d 692, 701, 703, revd *sub nom. Matter of Genesee Hosp. v State Div. of Human Rights,* 50 NY2d 917, on the dissenting opn of App Div insofar as it relates to the finding of discrimination) "an employer has an affirmative duty to make reasonable attempts to accommodate [the known religious beliefs of] its employees or to prove that such efforts would be unavailing * * * [An employee] should not [be] forced to rely upon the good will of her coworkers or her powers of persuasion, else be relegated to choosing between her religious beliefs and her employment." Furthermore, petitioners did not meet their burden of proving that they were exempt from complying with the provisions of subdivision 10 of section 296 of the Executive Law on any of the grounds set forth in paragraphs (b) and (c) thereof. We have considered petitioners' remaining contentions and find them to be without merit. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.